IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00602-GPG
**MICHAEL L. THOMPSON**,

    Plaintiff,

v.

**STEVE HAGER**, Colorado's division of Adult Parole;
**WALT PESTERFIELD**;
**BRANDON SCHAFER**, Colorado Board of Parole;
**RICK RAEMISCH**, Colorado's Department of Corrections, Exec. Dir.;
**WILSON**, Sheriff, Denver Sheriffs Department;
**BECKY LUCERO**, Former Parole Bd. Dir.;
**TIM HAND**, Former Parole Bd. Dir.;
**GARY PACHECO**, Community Parole Officer (CPO);
**MICHELLE ANDERSON**, CPO;
**WES ALLEN**, CPO;
**MARK YURKEY**, CPO;
**MELISSA GALARDO**, CPO Supervisor;
**BEVERLY GRAHAM**, AVCF Case Manager;
**MARY CARELSON**, Time Computation Super.;
**ARISTEDAS ZAVARES**, Former Executive Director;
**RICK RAEMISCH**, Exec. Dir.;
**JOHN SUTHERS**, Attorney General;
**MICHELLE GELLER**, Assistant Attorney General;
**JOHN/JANE DOE'S**, Community Parole Officer;
**2 CPO JOHN DOE'S**;
**FORMER DIV. HEAD JOHN/JANE DOE**;
**FORMER WARDEN OF DRDC JOHN/JANE DOE**; and
**JOHN/JANE DOE**, Former Denver Sheriff,

    Defendants.

---

### ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    On March 24, 2015, Plaintiff Michael L. Thompson filed a Complaint and a

Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. On March 26,

2016, Plaintiff was granted leave to proceed pursuant to § 1915.

    The Court must construe Plaintiff's Complaint liberally because he is not

represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a pro se litigant. *See Hall*, 935 F.2d at 1110. Plaintiff will be directed to file an Amended Complaint for the reasons stated below.

First, the Complaint is deficient because it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Claims must be presented clearly and concisely in a manageable format that allows a court and a defendant to know what claims are being asserted and to be able to respond to those claims. *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all

that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.* It is Mr. Thompson' responsibility to present his claims in a manageable and readable format that allows the Court and Defendant to know what claims are being asserted and to be able to respond to those claims. Mr. Thompson must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights. The Court does not require a long, chronological recitation of facts. Nor should the Court or Defendant be required to sift through Mr. Thompson's vague and conclusory allegations to determine the heart of each claim. The general rule that *pro se* pleadings must be construed liberally has limits and "the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record" *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

In order to state a claim in federal court, Mr. Thompson "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

In addition, it is unclear from the Complaint whether Mr. Thompson is suing the individual Defendants in their official capacities, individual capacities, or both. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991) (stating that claims asserted against government officials in their official capacities are construed against the governmental entity). The State and its agencies are entitled to Eleventh Amendment immunity, absent a waiver. *See generally Meade v. Grubbs*, 841 F.2d 1512, 1525 (10th Cir. 1988) (the immunity

conferred by the Eleventh Amendment extends to the state and its instrumentalities); *Steadfast Ins. Co. v. Agricultural Ins. Co.,* 507 F.3d 1250, 1256 (10th Cir. 2007) (recognizing that agency of the state is entitled to Eleventh Amendment immunity). Congress did not abrogate Eleventh Amendment immunity through § 1983, *see Quern v. Jordan*, 440 U.S. 332, 345 (1979), nor has the CDOC expressly waived its sovereign immunity. *See Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir.1988). The Eleventh Amendment prohibits suit against a state entity, regardless of the relief sought. *See Higganbotham v. Okla. Transp. Com'n,* 328 F.3d 638, 644 (10th Cir. 2003); *see also Hunt v. Colorado Dep't of Corrections*, No. 07-1400, 271 F. App'x 778, 780-81 (10th Cir. March 28, 2008) (unpublished). Accordingly, Mr. Thompson cannot obtain a judgment for damages against the individual Defendants, sued in their official capacities.

The Complaint further is deficient because Mr. Thompson fails to allege facts to show that each named Defendant was personally involved in the alleged deprivation of his constitutional rights. Personal participation is an essential element in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Gallagher v. Shelton,* 587 F.3d 1063, 1069 (10th Cir.2009) (citations and quotations omitted); *Dodds v. Richardson*, 614 F.3d 1185, 1200-1201 (10th Cir. 2010). A supervisor can only be held liable for his own deliberate intentional acts. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Serna v. Colo. Dep't of Corrections*, 455 F.3d 1146, 1151 (10th Cir. 2006) ("Supervisors are only liable under § 1983 for their own culpable involvement in the violation of a person's constitutional rights."); *see also Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008) ("[Section]

1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation.").

Plaintiff's allegations are not sufficient to demonstrate that the Defendants were personally involved in the alleged deprivation of his rights.  Instead, Plaintiff seeks to hold these individuals liable based on their supervisory status, which is improper under § 1983.  Moreover, it is well-established that parole board members are absolutely immune "from damages liability for actions taken in performance of [their] official duties regarding the granting or denying of parole."  *Russ v. Uppah*, 972 F.2d 300, 303 (10th Cir. 1992) (quoting *Knoll v. Webster*, 838 F.2d 450, 451 (10th Cir. 1988)).

And, to state an arguable due process claim, Mr. Thompson must allege facts to show that he was deprived of a constitutionally-protected liberty interest.  *See Chambers v. Colorado Dep't of Corr.*, 205 F.3d 1237, 1242 (10th Cir. 2000); *Gwinn v. Awmiller*, 354 F.3d 1211, 1217-24 (10th Cir. 2004).  The interests protected by the Due Process Clause are those found within the United States Constitution, or those created by federal or state law.  *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995).  There is no legitimate claim unless the claim arises from one of those sources.  *Kentucky Department of Corrections v. Thompson*, 490 U.S. 454, 460 (1989).

"There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."  *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979).  Thus, as a matter of pure constitutional law, Thompson has no liberty interest in release on parole.  *Id.*  Moreover, there is no constitutional right to parole created by Colorado law.  *Shirley v. Chestnut*, 603 F.2d 805 (10th Cir. 1979); *Mahn v. Gunter*, 978 F.2d 599, 602 (10th Cir.

1992) ("[s]ubjecting [Colorado] petitioner to discretionary parole does not violate his right to due process").  Moreover, Thompson has no right to placement in a community corrections facility under federal or state law.  *People v. Wilhite*, 817 P.2d 1017, 1021(Colo. 1991), *cert. denied*, *Wilhite v. Colorado*, 502 U.S. 1103 (1991).

Plaintiff also seems to allege a violation of his First Amendment right of access to the courts. Prison inmates have a constitutional right to meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 822–23 (1977).  This right prohibits prison officials from "affirmatively hinder[ing] a prisoner's efforts to construct a nonfrivolous appeal or claim." *Green v. Johnson*, 977 F.2d 1383, 1389 (10th Cir. 1992).  However, to state a right of access claim, "a prisoner must demonstrate actual injury from interference with his access to the court—that is, that the prisoner was frustrated or impeded in his efforts to pursue a nonfrivolous legal claim concerning his conviction or conditions of confinement."  *Gee*, 627 F.3d at 1191 (citing *Lewis v. Casey*, 518 U.S. 343, 351–55 (1996)).  "Conclusory allegations of injury in this respect will not suffice." *Wardell v. Duncan*, 470 F.3d 954, 959 (10th Cir. 2006) (citing *Cosco v. Uphoff*, 195 F.3d 1221, 1224 (10th Cir. 1999)).

To state an equal protection claim, he must allege facts showing that he was treated differently from others who were similarly situated to him.  *Taylor v. Roswell Ind. Sch. Dist.*, 713 F.3d 25, 53 (10th Cir. 2013).

Finally, the Complaint is deficient because he may not assert claims on behalf of other persons.  A *pro se* litigant may not represent other *pro se* litigants in federal court, see 28 U.S.C. § 1654, and is not an adequate class representative for a putative class action.  *See Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000). Here, Plaintiff has failed to plead, let alone establish, any factual or legal basis for

finding that he would be an adequate class representative for all purported class members.  "Because a layperson ordinarily does not possess the legal training and expertise necessary to protect the interests of a proposed class, courts are reluctant to certify a class represented by a pro se litigant."  *Sule v. Story*, Civil No. 95–1422, 1996 WL 170156, *1 (10th Cir. April 11, 1996) (unpublished decision) (citing 7A Charles E. Wright, et al., Federal Practice and Procedure § 1769.1 n. 12); *see also Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir.2000) ( "the competence of a layman is clearly too limited to allow him to risk the rights of others").

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion.  *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969).  The Court finds that the Complaint does not meet the requirements of Fed. R. Civ. P. 8.  Mr. Thompson will be given an opportunity to cure the deficiencies by submitting an amended Complaint that states defendants and claims clearly and concisely in compliance with Fed. R. Civ. P. 8 and alleges specific facts that demonstrate how each named defendant personally participated in the asserted constitutional violations.  The Court will not consider any claims raised in separate attachments, amendments, supplements, motions, or other documents not included in the amended Complaint.
Accordingly, it is

**ORDERED** that Plaintiff file **within thirty (30) days from the date of this order,** an Amended Complaint that complies with the directives in this order.  It is

**FURTHER ORDERED** that Plaintiff shall obtain the court-approved Complaint form along with the applicable instructions, at www.cod.uscourts.gov.  It is

**FURTHER ORDERED** that, if Plaintiff fails to file an amended complaint within the time allowed, the Court will dismiss all or part of this action without further notice.

DATED April 27, 2015, at Denver, Colorado.

BY THE COURT:

   /s Gordon P. Gallagher
United States Magistrate Judge